# U.S. District Court
## District of Colorado (Denver)
## CRIMINAL DOCKET FOR CASE #: 1:15–cr–00029–PAB–1

Case title: USA v. Petty

Date Filed: 01/27/2015
Date Terminated: 11/02/2015

---

Assigned to: Judge Philip A. Brimmer

Appeals court case number: 15–1421 USCA

**Defendant (1)**

**Ishmael Petty**
*TERMINATED: 11/02/2015*

represented by **Gail Kathryn Johnson**
Johnson Brennan &Klein, PLLC
1470 Walnut Street
Suite 101
Boulder, CO 80302
303–444–1885
Fax: 866–340–8286
Email: gjohnson@jbk–law.com
*ATTORNEY TO BE NOTICED*

**Scott Thomas Varholak**
Office of the Federal Public Defender
633 Seventeenth Street
Suite 1000
Denver, CO 80202
303–294–7002
Fax: 303–294–1192
Email: Scott_varholak@fd.org
*Designation: Public Defender or
Community Defender Appointment*

**Pending Counts**

18 U.S.C. § 111(a)(1) and
(b)ASSAULTING/RESISTING/IMPEDING
OFFICERS/EMPLOYEES
(1)

18 U.S.C. § 111(a)(1) and
(b)ASSAULTING/RESISTING/IMPEDING
OFFICERS/EMPLOYEES
(2)

18 U.S.C. § 111(a)(1) and
(b)ASSAULTING/RESISTING/IMPEDING
OFFICERS/EMPLOYEES
(3)

**Disposition**

240 months imprisonment, consecutive to
counts 2 and 3. 3 years supervised release,
concurrent with counts 2 and 3. $100.00
special assessment.

240 months imprisonment, consecutive to
counts 1 and 3. 3 years supervised release,
concurrent with counts 1 and 3. $100.00
special assessment.

240 months imprisonment, consecutive to
counts 1 and 2. 3 years supervised release,
concurrent with counts 1 and 2. $100.00
special assessment.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                    **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                           **Disposition**

None

**Plaintiff**

**USA**                              represented by    **Colleen Covell**
                                                      U.S. Attorney's Office–Denver
                                                      1225 17th Street
                                                      Suite 700
                                                      Denver, CO 80202
                                                      303–454–0215
                                                      Email: colleen.covell@usdoj.gov
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*
                                                      *Designation: Federal Agency Attorney*

                                                      **Rebecca Susan Weber**
                                                      U.S. Attorney's Office–Denver
                                                      1225 17th Street
                                                      Suite 700
                                                      Denver, CO 80202
                                                      303–454–0332
                                                      Email: Rebecca.Weber@usdoj.gov
                                                      *ATTORNEY TO BE NOTICED*
                                                      *Designation: Federal Agency Attorney*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 01/27/2015 | 1 | 4 | INDICTMENT as to Ishmael Petty (1) count(s) 1–3. (Attachments: # 1 Criminal Information Sheet) (agarc, ) (Entered: 01/27/2015) |
| 06/30/2015 | 35 | 8 | MOTION in Limine by USA as to Ishmael Petty. (Attachments: # 1 Proposed Order (PDF Only))(Covell, Colleen) (Entered: 06/30/2015) |
| 07/01/2015 | 38 | 12 | Proposed Verdict Form as to Ishmael Petty (Varholak, Scott) (Entered: 07/01/2015) |
| 07/01/2015 | 40 | 15 | Proposed Jury Instructions −*Defendant's Proposed Jury Instructions* by Ishmael Petty (Varholak, Scott) (Entered: 07/01/2015) |

| 07/02/2015 | 44 | 49 | Proposed Jury Instructions *AND VERDICT FORM* by USA as to Ishmael Petty (Covell, Colleen) (Entered: 07/02/2015) |
|---|---|---|---|
| 07/06/2015 | 45 | 75 | MINUTE ORDER by Judge Philip A. Brimmer on 7/6/15 as to Ishmael Petty. The attached proposed introductory jury instruction will be discussed at the trial preparation conference on July 7, 2015. (pabsec) (Entered: 07/06/2015) |
| 07/07/2015 | 47 | 81 | MINUTE ENTRY for proceedings held before Judge Philip A. Brimmer. Trial Preparation Conference as to Ishmael Petty held on 7/7/2015. ORDER granting 35 Motion in Limine ; denying as moot 24 Motion to Suppress ; denying as moot 25 Motion for Order ; and denying as moot 26 Motion for Order as to Ishmael Petty (1). Defendant is remanded. Court Reporter: Mary George. (kpreu) (Entered: 07/09/2015) |
| 07/14/2015 | 50 | 83 | JURY VERDICT as to Ishmael Petty (kpreu) (Entered: 07/15/2015) |
| 07/14/2015 | 52 | 85 | Jury Instructions as to Ishmael Petty (kpreu) (Entered: 07/15/2015) |
| 08/05/2015 | 54 | 105 | SENTENCING STATEMENT by USA as to Ishmael Petty (Covell, Colleen) (Entered: 08/05/2015) |
| 10/06/2015 | 56 | 110 | WITHDRAWN OBJECTION/RESPONSE to Presentence Report 55 by Ishmael Petty (Varholak, Scott) Modified on 11/3/2015 pursuant to docket entry 61 (kpreu). (Entered: 10/06/2015) |
| 10/22/2015 | 59 | 118 | RESPONSE by USA as to Ishmael Petty re: 56 Objection/Response to Presentence Report filed by Ishmael Petty (Covell, Colleen) (Entered: 10/22/2015) |
| 11/02/2015 | 63 | 123 | JUDGMENT by Judge Philip A. Brimmer on 11/2/15 as to defendant Ishmael Petty (1). 240 months as to each of Counts 1, 2, and 3, to be served consecutively, for a total imprisonment term of 720 months. Three (3) years supervised release as to each of Counts 1, 2, and 3, to be served concurrently with one another. $100.00 special assessment as to each of Counts 1, 2 and 3, for a total of $300.00. (kpreu) (Entered: 11/03/2015) |
| 11/03/2015 | 64 | 133 | NOTICE OF APPEAL as to 63 Judgment,, Terminate Criminal Case, by Ishmael Petty. (Varholak, Scott) (Entered: 11/03/2015) |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Criminal Case No.**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**

**1.   ISHMAEL PETTY,**

      **Defendant.**

---

## INDICTMENT
### 18 U.S.C. § 111(a)(1) and (b)

---

The Grand Jury charges that:

## COUNT ONE
### Assaulting and Resisting and Impeding Federal Employee
### (Dangerous Weapon and Bodily Injury)

On or about September 11, 2013, at the Administrative Maximum Security Bureau of Prisons facility, Florence, Colorado, in the State and District of Colorado, ISHMAEL PETTY, did knowingly forcibly assault, resist, oppose, impede, intimidate and interfere with the victim, R.S., an officer and employee of the Federal Bureau of Prisons, an agency of a branch of the United States government, as designated in Title 18, United States Code, Section 1114, while the victim was engaged in and on account of the performance of official duties, and used a deadly and dangerous weapon and did inflict bodily injury upon the victim.

In violation of Title 18, United States Code, Sections 111(a)(1) and (b).

## COUNT TWO
### Assaulting and Resisting and Impeding Federal Employee
### (Dangerous Weapon and Bodily Injury)

On or about September 11, 2013, at the Administrative Maximum Security Bureau of Prisons facility, Florence, Colorado, in the State and District of Colorado, ISHMAEL PETTY, did knowingly forcibly assault, resist, oppose, impede, intimidate and interfere with the victim, D.M., an officer and employee of the Federal Bureau of Prisons, an agency of a branch of the United States government, as designated in Title 18, United States Code, Section 1114, while the victim was engaged in and on account of the performance of official duties, and used a deadly and dangerous weapon and did inflict bodily injury upon the victim.

In violation of Title 18, United States Code, Sections 111(a)(1) and (b).

## COUNT THREE
### Assaulting and Resisting and Impeding Federal Employee
### (Dangerous Weapon and Bodily Injury)

On or about September 11, 2013, at the Administrative Maximum Security Bureau of Prisons facility, Florence, Colorado, in the State and District of Colorado, ISHMAEL PETTY, did knowingly forcibly assault, resist, oppose, impede, intimidate and interfere with the victim, B.S., an officer and employee of the Federal Bureau of Prisons, an agency of a branch of the United States government, as designated in Title 18, United States Code, Section 1114, while the victim was engaged in and on account of the performance of official duties, and used a deadly and dangerous weapon and did inflict bodily injury upon the victim.

In violation of Title 18, United States Code, Sections 111(a)(1) and (b).

A TRUE BILL:


<u>Ink signature on file in Clerk's Office</u>
FOREPERSON


JOHN F. WALSH
United States Attorney


By: <u>*s/Colleen Covell*            </u>
COLLEEN COVELL
Assistant U.S. Attorney
1225 17th Street, Suite 700
Denver, CO 80202
Telephone 303-454-0100
Fax 303-454-0403
Email: Colleen.covell@usdoj.gov
Attorney for the government

DEFENDANT:     **ISHMAEL PETTY**

YOB:1969

ADDRESS (CITY/STATE):  ADX - Florence, CO

COMPLAINT FILED?     _____ YES   \_\_\_\_X_____  NO

    IF YES, PROVIDE MAGISTRATE CASE NUMBER:  _____
    IF NO, PROCEED TO "OFFENSE" SECTION

HAS DEFENDANT BEEN ARRESTED ON COMPLAINT?  _____   YES  \_\_X\_\_  NO
    IF NO, A NEW WARRANT IS REQUIRED

OFFENSE:     **Count 1**:     Title 18 United States Code, Section 111(a)(1) and
    (b);   Assaulting and Resisting and Impeding Federal Employee
    (Dangerous Weapon or Bodily Injury)

    **Count 2**:     Title 18 United States Code, Section 111(a)(1) and
    (b);   Assaulting and Resisting and Impeding Federal Employee
    (Dangerous Weapon or Bodily Injury)

    **Count 3**:     Title 18 United States Code, Section 111(a)(1) and
    (b);   Assaulting and Resisting and Impeding Federal Employee
    (Dangerous Weapon or Bodily Injury)

LOCATION OF OFFENSE (COUNTY/STATE):      Fremont County, CO

PENALTY:     **Counts 1 - 3:**   NMT 20 years imprisonment; NMT 250,000 fine
    or both; NMT 3 years supervised release: $100 special
    assessment fee.

AGENT:       Amber Cronan
    Special Agent - FBI

AUTHORIZED BY:     Colleen Covell
    Assistant U.S. Attorney

ESTIMATED TIME OF TRIAL:   \_\_\_X\_\_   five days or less

THE GOVERNMENT:     \_\_\_\_\_X\_\_\_\_\_   will seek detention in this case

The statutory presumption of detention **is not** applicable to this defendant.

OCDETF CASE:     _____   Yes   \_\_\_X\_\_\_   No

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Criminal Case No. 15-cr-00029-PAB**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**

**1.    ISHMAEL PETTY,**

      **Defendant.**

---

**GOVERNMENT'S MOTION *IN LIMINE***

---

The United States, through its representatives, John F. Walsh, United States Attorney for the District of Colorado, and Colleen Covell and Rebecca Weber, Assistant United States Attorneys, hereby moves *in limine* for an order preventing the defense from mentioning the defendant's current sentence of imprisonment during trial, either during *voir dire,* opening statements, examination of trial witnesses, and/or closing arguments. Defendant's life sentence is legally irrelevant to any of the issues in this assault case, but might serve to distract or confuse or raise questions about the propriety of the prosecution if it were elicited. Accordingly, the government requests that the defense be prohibited from mentioning the defendant's current sentence of imprisonment.

1

Respectfully submitted this 30th day of June, 2015.

>s/Colleen Covell
>By:     COLLEEN COVELL
>s/Rebecca Weber
>By:     REBECCA  WEBER
>Assistant United States Attorneys
>1225 Seventeenth Street, Ste 700
>Denver, Colorado   80202
>Telephone:   (303) 454-0100
>Fax: (303) 454-0402
>Email:Colleen.covell@usdoj.gov

2

CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of June, 2015, I electronically filed the foregoing **GOVERNMENT'S MOTION *IN LIMINE*** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address(es):

Scott Varholak
Scott_varholak@fd.org

<u>s/Kaily Kannianen</u>
KAILY KANNIANEN
Legal Assistant
U.S. Attorney's Office
1225 17th Street, Suite 700
Denver, CO 80202
Telephone: (303) 454-0100
FAX: (303) 454-0406
E-mail: Kaily.Kannianen@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 15-cr-00029-PAB

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1.     ISHMAEL PETTY,

     Defendant.

---

**ORDER**

---

     Upon consideration of the Government's Motion *in limine*, and for good cause shown, it is hereby

     ORDERED that the Government's Motion *in limine,* prohibiting defense from mentioning the defendant's current sentence of imprisonment is GRANTED.

     DATED this _____ day of _____, 2015.


     BY THE COURT:


     _____
     JUDGE PHILIP A. BRIMMER
     UNITED STATES DISTRICT COURT
     DISTRICT OF COLORADO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 15-cr-00029-PAB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

ISHMAEL PETTY,

       Defendant.
_____

**DEFENDANT'S PROPOSED VERDICT FORM**
_____

Defendant Ishmael Petty, by and through undersigned counsel, submits the

following proposed verdict form:

### Count I

We the jury, upon our oaths, unanimously find on Count I, Defendant Ishmael Petty:

_____     **Not Guilty** of Assaulting a Federal Officer Involving Bodily Injury or a Deadly Weapon

_____     **Guilty** of Assaulting a Federal Officer Involving Bodily Injury or a Deadly Weapon

### Count II

We the jury, upon our oaths, unanimously find on Count II, Defendant Ishmael Petty:

_____     **Not Guilty** of Assaulting a Federal Officer Involving Bodily Injury or a Deadly Weapon

_____     **Guilty** of Assaulting a Federal Officer Involving Bodily Injury or a Deadly Weapon

## <u>Count III</u>

We the jury, upon our oaths, unanimously find on Count III, Defendant Ishmael Petty:

_____        **Not Guilty** of Assaulting a Federal Officer Involving Bodily
                          Injury or a Deadly Weapon

_____        **Guilty** of Assaulting a Federal Officer Involving Bodily Injury
                          or a Deadly Weapon

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ Scott T. Varholak
SCOTT T. VARHOLAK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Scott_Varholak@fd.org
Attorney for Defendant

2

**CERTIFICATE OF SERVICE**

I hereby certify that on 7/1/2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Colleen Covell, AUSA
email: colleen.covell@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Ishmael Petty            (via Mail)
Reg. No. 10783-042
c/o USP Florence-ADMAX

s/ Scott T. Varholak
SCOTT T. VARHOLAK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Scott_Varholak@fd.org
Attorney for Defendant

3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

CASE NO. 15-cr-00029-PAB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ISHMAEL PETTY,

        Defendant.
_____

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**
_____

**I.**    **DEFENDANT'S INSTRUCTION NO. 1: INTRODUCTION TO FINAL**
        **INSTRUCTIONS**

Members of the Jury:

In any jury trial there are, in effect, two judges.  I am one of the judges, you are the other.  I am the judge of the law.  You, as jurors, are the judges of the facts.  I presided over the trial and decided what evidence was proper for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case – for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses.

Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the

possible verdicts you may return.  These instructions will be given to you for use in the jury room, so you need not take notes.

*Tenth Circuit Criminal Pattern Jury Instructions*, § 1.03 (2011).

II.      **DEFENDANT'S INSTRUCTION NO. 2: DUTY TO FOLLOW INSTRUCTIONS**

You, as jurors, are the judges of the facts.  But in determining what actually happened – that is, in reaching your decision as to the facts – it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.

However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be.  That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took.

*Tenth Circuit Criminal Pattern Jury Instructions*, § 1.04 (2011).

3

III.   **DEFENDANT'S INSTRUCTION NO. 4:  PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, AND REASONABLE DOUBT**

I instruct you that you must presume the Defendant to be innocent of the crimes charged. Thus the defendant, although accused of crimes in the indictment, begins the trial with a "clean slate" – with no evidence against him. The indictment, as you already know, is not evidence of any kind. The defendant is, of course, not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a defendant. The presumption of innocence alone, therefore, is sufficient to acquit the Defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense – the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt, that Defendant has committed each and every element of the offenses charged in the indictment, you must

4

find Defendant not guilty of the offenses. If the jury views the evidence in the case as

reasonably permitting either of two conclusions – one of innocence, the other of guilt –

the jury must, of course, adopt the conclusion of innocence.

> O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, § 12.10 (6th
> ed. 2008).

**IV.     DEFENDANT'S INSTRUCTION NO. 4:  EFFECT OF DEFENDANT'S DECISION NOT TO TESTIFY**

The defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that Defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict. No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, § 15.14 (6th ed. 2008).

## V.      DEFENDANT'S INSTRUCTION NO. 5: JUDGING THE EVIDENCE

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your good sense in considering and evaluating the evidence in the case. Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant be proved guilty beyond a reasonable doubt, say so. If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, § 12.02 (6th ed. 2008).

7

**VI.    DEFENDANT'S INSTRUCTION NO. 6: EVIDENCE – DEFINED**

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noted.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I ordered you to disregard things what you saw or heard, or I struck things from the record.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

*Tenth Circuit Criminal Pattern Jury Instructions*, § 1.06 (2011).

**VII.    DEFENDANT'S INSTRUCTION NO. 7: EVIDENCE – DIRECT AND CIRCUMSTANTIAL – INFERENCES**

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case.  One is direct evidence, such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience.  An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

*Tenth Circuit Criminal Pattern Jury Instructions*, § 1.07 (2011).

9

23

### XIII.   DEFENDANT'S INSTRUCTION NO. 8: CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

[The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.]

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

10th Circuit Pattern Jury Instruction 1.08

11

**IX.    DEFENDANT'S INSTRUCTION NO. 9:  CREDIBILITY OF WITNESSES - INCONSISTENT STATEMENTS**

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court.  The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial.  It is the province of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters.  You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.

O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, § 15.06 (6th ed. 2008).

**X:**    **DEFENDANT'S INSTRUCTION NO. 10: JURY'S RECOLLECTION CONTROLS**

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, § 12.07 (6th ed. 2008).

13

**XI.    DEFENDANT'S INSTRUCTION NO. 11: THE QUESTION IS NOT EVIDENCE**

The questions asked by a lawyer for either party to this case are not evidence.  If

a lawyer asks a question of a witness which contains an assertion of fact, therefore, you

may not consider the assertion by the lawyer as any evidence of that fact.  Only the

answers are evidence.

O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, § 12.08 (6th
ed. 2008).

14

## XII.    DEFENDANT'S INSTRUCTION NO. 12: THE INDICTMENT IS NOT EVIDENCE

An indictment is only a formal method used by the government to accuse a defendant of a crime. It is not evidence of any kind against the defendant. The defendant is presumed to be innocent of the crime charged. Even though this indictment has been returned against the defendant, the defendant begins this trial with absolutely no evidence against him.

Defendant has pled "not guilty" to this indictment and, therefore, denies that he is guilty of the charges.

O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, § 13.04 (6th ed. 2008).

### XIII.   DEFENDANT'S INSTRUCTION NO. 13:  CONSIDER ONLY THE OFFENSE CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged. The defendant is not on trial for any act or any conduct not specifically charged in the indictment.

O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, § 12.09 (6th ed. 2008) (modified); *Tenth Circuit Criminal Pattern Jury Instructions*, § 1.19 (2011) (modified).

**XIV.   DEFENDANT'S INSTRUCTION NO. 14: CONSIDER EACH COUNT SEPARATELY**

A separate crime is charged in each count of the indictment. Each charge, and the evidence pertaining to it, should be considered separately by the jury. The fact that you may find the defendant guilty or not guilty as to one of the counts should not control your verdict as to any other count.

O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, § 12.12 (6th ed. 2008).

## XV.   DEFENDANT'S INSTRUCTION NO. 15:  "ON OR ABOUT" – EXPLAINED

The indictment charges that the offenses alleged in Counts One, Two and Three were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in Counts One, Two and Three of the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, § 13.05 (6th ed. 2008).

**XVI.   DEFENDANT'S INSTRUCTION NO. 16: NATURE OF THE OFFENSE CHARGED - COUNT ONE**

Count One of the indictment charges that, on or about September 11, 2013, in the State and District of Colorado, Defendant Ishmael Petty, did intentionally forcibly assault, resist, oppose, impede, intimidate, and interfere with R.S., an officer or employee of the Federal Bureau of Prisons, an agency of a branch of the United States government while R.S. was engaged in the performance of official duties; and in the commission of said acts, the defendant did use a deadly and dangerous weapon and inflict bodily injury upon R.S.

The defendant has entered a plea of "not guilty" and denied that he is guilty of the offense charged in Count One of the indictment.

O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, §§ 13.01, 24.01 (6th ed. 2008).

**XVII.  DEFENDANT'S INSTRUCTION NO. 17: NATURE OF THE OFFENSE CHARGED - COUNT TWO**

Count Two of the indictment charges that, on or about September 11, 2013, in the State and District of Colorado, Defendant Ishmael Petty, did intentionally forcibly assault, resist, oppose, impede, intimidate, and interfere with D.M., an officer or employee of the Federal Bureau of Prisons, an agency of a branch of the United States government while D.M. was engaged in the performance of official duties; and in the commission of said acts, the defendant did use a deadly and dangerous weapon and inflict bodily injury upon D.M.

The defendant has entered a plea of "not guilty" and denied that he is guilty of the offense charged in Count One of the indictment.

O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, §§ 13.01, 24.01 (6th ed. 2008).

**XVIII. DEFENDANT'S INSTRUCTION NO. 18: NATURE OF THE OFFENSE CHARGED - COUNT THREE**

Count Two of the indictment charges that, on or about September 11, 2013, in the State and District of Colorado, Defendant Ishmael Petty, did intentionally forcibly assault, resist, oppose, impede, intimidate, and interfere with B.S., an officer or employee of the Federal Bureau of Prisons, an agency of a branch of the United States government while B.S. was engaged in the performance of official duties; and in the commission of said acts, the defendant did use a deadly and dangerous weapon and inflict bodily injury upon B.S.

The defendant has entered a plea of "not guilty" and denied that he is guilty of the offense charged in Count One of the indictment.

O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, §§ 13.01, 24.01 (6th ed. 2008).

## XIX.   DEFENDANT'S INSTRUCTION NO. 19: ELEMENTS OF COUNT 1

The defendant is charged in count one with a violation of 18 U.S.C. § 111(a)(1) and (b).

This law makes it a crime to forcibly assault a federal officer causing bodily injury while the officer is engaged in the performance of his official duties.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant forcibly assaulted R.S.;

*Second*: R.S. was a federal officer who was then engaged in the performance of an official duty, as charged;

*Third*: the defendant did such act intentionally; and

*Fourth*; in doing such act, the defendant either used a deadly or dangerous weapon or inflicted bodily injury upon R.S.

The term "forcible assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so, and includes any intentional display of force that would give a reasonable person cause to expect immediate bodily harm.

The term "deadly or dangerous weapon" includes any object capable of inflicting death or serious bodily injury.  For such a weapon to have been "used," the government must prove beyond a reasonable doubt that the defendant not only possessed the weapon, but that the defendant intentionally displayed it in some manner while forcibly assaulting the federal officer.

The term "bodily injury" means an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought.

The term "federal officer or employee" refers to any officer or employee of the United States, or of any agent in any branch of the United States Government.  A federal officer is "engaged in the performance of his official duties" if he is acting within the scope of what he is employed to do, rather than engaging in a personal frolic of his own.

It is not necessary to show that the defendant knew the person being forcibly assaulted was, at that time, a federal officer carrying out an official duty so long as it is established beyond a reasonable doubt that the victim was, in fact, a federal officer acting in the course of his duty and that defendant intentionally forcibly assaulted that officer.

> Tenth Circuit Criminal Pattern Jury Instruction, § 2.09 (2011) (modified); *United States v. Hathaway*, 318 F.3d 1001 (10th Cir. 2003) (stating that a violation of Section 111 requires an underlying assault); *United States v. Chapman*, 528 F.3d 1215 (9th Cir. 2008) (same).

## XX.     DEFENDANT'S INSTRUCTION NO. 20: ELEMENTS OF COUNT 2

The defendant is charged in count two with a violation of 18 U.S.C. § 111(a)(1) and (b).

This law makes it a crime to forcibly assault a federal officer causing bodily injury while the officer is engaged in the performance of his official duties.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant forcibly assaulted D.M.;

*Second*: D.M. was a federal officer who was then engaged in the performance of an official duty, as charged;

*Third*: the defendant did such act intentionally; and

*Fourth*; in doing such act, the defendant either used a deadly or dangerous weapon or inflicted bodily injury upon D.M.

The term "forcible assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so, and includes any intentional display of force that would give a reasonable person cause to expect immediate bodily harm.

The term "deadly or dangerous weapon" includes any object capable of inflicting death or serious bodily injury.  For such a weapon to have been "used," the government must prove beyond a reasonable doubt that the defendant not only possessed the weapon, but that the defendant intentionally displayed it in some manner while forcibly assaulting the federal officer.

24

The term "bodily injury" means an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought.

The term "federal officer or employee" refers to any officer or employee of the United States, or of any agent in any branch of the United States Government.  A federal officer is "engaged in the performance of his official duties" if he is acting within the scope of what he is employed to do, rather than engaging in a personal frolic of his own.

It is not necessary to show that the defendant knew the person being forcibly assaulted was, at that time, a federal officer carrying out an official duty so long as it is established beyond a reasonable doubt that the victim was, in fact, a federal officer acting in the course of his duty and that defendant intentionally forcibly assaulted that officer.

> Tenth Circuit Criminal Pattern Jury Instruction, § 2.09 (2011) (modified); *United States v. Hathaway*, 318 F.3d 1001 (10th Cir. 2003) (stating that a violation of Section 111 requires an underlying assault); *United States v. Chapman*, 528 F.3d 1215 (9th Cir. 2008) (same).

## XXI.   DEFENDANT'S INSTRUCTION NO. 21: ELEMENTS OF COUNT 3

The defendant is charged in count three with a violation of 18 U.S.C. § 111(a)(1) and (b).

This law makes it a crime to forcibly assault a federal officer causing bodily injury while the officer is engaged in the performance of his official duties.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant forcibly assaulted B.S.;

*Second*: B.S. was a federal officer who was then engaged in the performance of an official duty, as charged;

*Third*: the defendant did such act intentionally; and

*Fourth*; in doing such act, the defendant either used a deadly or dangerous weapon or inflicted bodily injury upon B.S.

The term "forcible assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so, and includes any intentional display of force that would give a reasonable person cause to expect immediate bodily harm.

The term "deadly or dangerous weapon" includes any object capable of inflicting death or serious bodily injury.  For such a weapon to have been "used," the government must prove beyond a reasonable doubt that the defendant not only possessed the weapon, but that the defendant intentionally displayed it in some manner while forcibly assaulting the federal officer.

The term "bodily injury" means an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought.

The term "federal officer or employee" refers to any officer or employee of the United States, or of any agent in any branch of the United States Government.  A federal officer is "engaged in the performance of his official duties" if he is acting within the scope of what he is employed to do, rather than engaging in a personal frolic of his own.

It is not necessary to show that the defendant knew the person being forcibly assaulted was, at that time, a federal officer carrying out an official duty so long as it is established beyond a reasonable doubt that the victim was, in fact, a federal officer acting in the course of his duty and that defendant intentionally forcibly assaulted that officer.

> Tenth Circuit Criminal Pattern Jury Instruction, § 2.09 (2011) (modified); *United States v. Hathaway*, 318 F.3d 1001 (10th Cir. 2003) (stating that a violation of Section 111 requires an underlying assault); *United States v. Chapman*, 528 F.3d 1215 (9th Cir. 2008) (same).

## XXII.   DEFENDANT'S INSTRUCTION NO. 22:   UNANIMITY – EXPLAINED

Counts one, two and three of the indictment charge the Defendant with a violation of federal law concerning forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with federal officers. Each count also alleges that the defendant committed the offense either with the use of a dangerous or deadly weapon or by inflicting bodily injury.  The indictment thus alleges a number of separate means or methods by which the defendant is accused of violating this law.

The government is not required to prove all of the means or methods alleged in Counts one, two and three of the indictment.  Each juror must agree with each of the other jurors, however, that the same means or methods alleged in counts one, two and three of the indictment were, in fact, engaged in or employed by the Defendant in committing the crime charged in counts one, two and three of the indictment. The jury need not unanimously agree on each means or method, but, in order to convict, must unanimously agree upon at least one such means or method as one engaged in by the Defendant.

Unless the government has proven the same means or method to each of you, beyond a reasonable doubt, you must acquit the Defendant of the crimes charged in counts one, two and three of the indictment.

O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, § 13.07 (6th ed. 2008); *United States v. Powell*, 226 F.3d 1181, 1192 n.4 (10th Cir. 2000) (a crime may be alleged in the indictment in the conjunctive, and proven at trial in the disjunctive).

## XXIII.  DEFENDANT'S INSTRUCTION NO. 23:  CAUTION - PUNISHMENT

If you find the defendant guilty, it will be my duty to decide what the punishment will be.  You should not discuss or consider the possible punishment in any way while deciding your verdict.

*Tenth Circuit Criminal Pattern Jury Instructions*, § 1.20 (2011).

## XXIV.  DEFENDANT'S INSTRUCTION NO. 24:  DUTY TO DELIBERATE - VERDICT FORM

In a moment the bailiff will escort you to the jury room and provide each of you with a copy of the instructions that I have just read.  Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.  The second thing you should do is review the instructions.  Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations.  Remember, you are the judges of the facts but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree.  Your verdict must be unanimous on each count of the indictment.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.  But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges – judges of the facts.  You must decide whether the government has proved the defendant guilty beyond a reasonable doubt.

30

A form of verdict has been prepared for your convenience.  The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty.  At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the bailiff. I will either reply in writing or bring you back into the court to respond to your message. Under no circumstances should you reveal to me the numerical division of the jury.

*Tenth Circuit Criminal Pattern Jury Instructions*, § 1.23 (2011).

31

## XXV.   DEFENDANT'S INSTRUCTION NO. 25:   COMMUNICATION WITH THE COURT

If you want to communicate with me at any time during your deliberations, please write down your message or question and give it to the bailiff, who will bring it to my attention.  I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.  I caution you, however, that with any message or question you might send, you should not tell me any details of your deliberations or indicate how many of you are voting in a particular way on any issue. Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial and sentencing proceedings, was meant to suggest to you what I think your decision should be.  That is your exclusive responsibility.

*Tenth Circuit Criminal Pattern Jury Instructions*, § 1.44 (2011).

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ Scott T. Varholak
SCOTT T. VARHOLAK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Scott_Varholak@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on 7/1/2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Colleen Covell, AUSA
email: colleen.covell@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Ishmael Petty          (via Mail)
Reg. No. 10783-042
c/o USP Florence-ADMAX

s/ Scott T. Varholak
SCOTT T. VARHOLAK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Scott_Varholak@fd.org
Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Criminal Case No. 15-cr-00029-PAB**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**

**1.     ISHMAEL PETTY,**

      **Defendant.**

---

### GOVERNMENT'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

---

Pursuant to this Court's practice standards and trial procedures, the United States, through its representatives, John F. Walsh, United States Attorney for the District of Colorado, and Colleen Covell and Rebecca Weber, Assistant United States Attorneys, hereby submits these proposed jury instructions and verdict form in the above captioned case.

Additionally, the government objects to the following instructions proposed by defendant: Defendant's Instruction No.4 (Reasonable Doubt), Defendant's Instruction No. 9 (Inconsistent Statements), Defendant's Instruction No. 19 -21 (Elements), and Defendant's Instruction No. 22 (Unanimity).

Dated this 2nd day of July, 2015.

Respectfully Submitted,

JOHN F. WALSH
United States Attorney


*s/Colleen Covell*
COLLEEN COVELL
Assistant U.S. Attorney
REBECCA WEBER
Assistant U.S. Attorney
U.S. Attorney's Office
1225 17th St., Suite 700
Denver, CO 80202
Telephone: 303-454-0100
Fax:   303-454-0406
E-mail:   Colleen.covell@usdoj.gov
Attorneys for Government

**GOVERNMENT'S INSTRUCTION NO. 1**

**Preliminary Instructions Before Trial**

Members of the Jury:

At the end of the trial I will give you detailed guidance on the law and on how you will go about reaching your decision. But now I simply want to generally explain how the trial will proceed.

This criminal case has been brought by the United States government. I will sometimes refer to the government as the prosecution. The government is represented by Assistant United States Attorneys, Colleen Covell and Rebecca Weber. The defendant, Ishmael Petty, is represented by his lawyer, Scott Varholak.

The indictment charges the defendant with three counts of Assaulting and Resisting and Impeding a Federal Employee with a Dangerous Weapon and Inflicting Bodily Injury. The indictment is simply the description of the charges made by the government against the defendant; it is not evidence of guilt or anything else. The defendant pleaded not guilty and is presumed innocent. He may not be found guilty by you unless all twelve of you unanimously find that the government has proved his guilt beyond a reasonable doubt.

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence which it intends to put before you. Just as the indictment is not evidence, neither is the opening statement. Its purpose is only to help you understand what the evidence will be. It is a road map to show you what is ahead.

1

After the government's opening statement, the defendant's attorney may make an opening statement.

Evidence will be presented from which you will have to determine the facts. The evidence will consist of the testimony of the witnesses, documents and other things received into the record as exhibits, and any facts about which the lawyers agree or to which they stipulate.

The government will offer its evidence. After the government's evidence, the defendant's lawyer may present evidence, but he is not required to do so. I remind you that the defendant is presumed innocent and it is the government that must prove the defendant's guilt beyond a reasonable doubt. If the defendant submits evidence, the government may introduce rebuttal evidence.

At times during the trial, a lawyer may make an objection to a question asked by another lawyer, or to an answer by a witness. This simply means that the lawyer is requesting that I make a decision on a particular rule of law. Do not draw any conclusion from such objections or from my rulings on the objections. If I sustain an objection to a question, the witness may not answer it. Do not attempt to guess what answer might have been given if I had allowed the answer. If I overrule the objection, treat the answer as any other. If I tell you not to consider a particular statement, you may not refer to that statement in your later deliberations. Similarly, if I tell you to consider a particular piece of evidence for a specific purpose, you may consider it only for that purpose.

During the course of the trial I may have to interrupt the proceedings to confer with the attorneys about the rules of law that should apply. Sometimes we will talk briefly, at the bench. But some of these conferences may take more time, so I will excuse you from

the courtroom. I will try to avoid such interruptions whenever possible, but please be patient even if the trial seems to be moving slowly because conferences often actually save time in the end.

You are to consider all the evidence received in this trial. It will be up to you to decide what evidence to believe and how much of any witness's testimony to accept or reject.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments.

The final part of the trial occurs when I instruct you on the rules of law which you are to use in reaching your verdict.

During the course of the trial I may ask a question of a witness. If I do, that does not indicate I have any opinion about the facts in the case but am only trying to bring out facts that you may consider.

If you would like to take notes during the trial, you may. On the other hand, you are not required to take notes.

If you do decide to take notes, be careful not to get so involved in note taking that you become distracted, and remember that your notes will not necessarily reflect exactly what was said, so your notes should be used only as memory aids. Therefore, you should not give your notes precedence over your independent recollection of the evidence. You should also not be unduly influenced by the notes of other jurors. If you do take notes, leave them in the jury room at night and do not discuss the contents of your notes until you begin deliberations.

3

Ordinarily, the attorneys will develop all the relevant evidence that will be necessary for you to reach your verdict. However, in rare situations, a juror may believe a question is critical to reaching a decision on a necessary element of the case. In that exceptional circumstance, you may write out a question and provide it to the courtroom deputy while the witness is on the stand. I will then consider that question with the lawyers. If it is determined to be a proper and necessary question, I will ask it. If I do not ask it, you should recognize that I have determined it is not a legally appropriate question and not worry about why it was not asked or what the answer would have been.

During the course of the trial, you should not talk with any witness, or with the defendant, or with any of the lawyers at all. In addition, during the course of the trial you should not talk about the trial with anyone else. Do not discuss the case with anyone or provide any information about the trial to anyone outside the courtroom until the verdict is received. Do not use the internet or any other form of electronic communication to provide any information. Simply put, do not communicate with anyone about the trial until your verdict is received. Also, you should not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial. It is important that you wait until all the evidence is received and you have heard my instructions on the controlling rules of law before you deliberate among yourselves. Let me add that during the course of the trial you will receive all the evidence you properly may consider to decide the case. Because of this, you should not attempt to gather any information or do any research on your own. Do not attempt to visit any places mentioned in the case, either actually or on the internet, and do not in any other way try to learn about the case outside the courtroom.

The court reporter is making stenographic notes of everything that is said. This is basically to assist any appeals. However, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits will be available to you during your deliberations.

Now that the trial has begun you must not hear or read about it in the media. The reason for this is that your decision in this case must be made solely on the evidence presented at the trial.

With that introduction, Ms. Weber, you may present the opening statement for the government.

Criminal Pattern Jury Instructions, 1.01, Tenth Circuit (2011).

5

**GOVERNMENT'S INSTRUCTION NO. 2**

**INTRODUCTION TO FINAL INSTRUCTIONS**

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decide what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case—for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. These instructions will be given to you for use in the jury room, so you need not take notes.

Criminal Pattern Jury Instructions, 1.03, Tenth Circuit (2011).

6

**GOVERNMENT'S INSTRUCTION NO. 3**

**DUTY TO FOLLOW INSTRUCTIONS**

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

Criminal Pattern Jury Instructions, 1.04, Tenth Circuit (2011).

**GOVERNMENT'S INSTRUCTION NO. 4**

**PRESUMPTION OF INNOCENCE—BURDEN OF PROOF—REASONABLE DOUBT**

The government has the burden of proving the defendant guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

Criminal Pattern Jury Instructions, 1.05, Tenth Circuit (2011).

**GOVERNMENT'S INSTRUCTION NO. 5**
**EVIDENCE—DEFINED**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Criminal Pattern Jury Instructions, 1.06, Tenth Circuit (2011).

9

**GOVERNMENT'S INSTRUCTION NO. 6**

**EVIDENCE—DIRECT AND CIRCUMSTANTIAL—INFERENCES**

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

Criminal Pattern Jury Instructions, 1.07, Tenth Circuit (2011).

## GOVERNMENT'S INSTRUCTION NO. 7

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

11

[IF THE DEFENDANT TESTIFIES: The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.]

[IF THE DEFENDANT DOES NOT TESTIFY: The defendant did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt. I want you to clearly understand, please, that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify or call any witnesses. That is a constitutional right in this country, it is very carefully guarded, and you should understand that no presumption of guilt may be raised and no inference of any kind may be drawn from the fact that a defendant does not take the witness stand and testify or call any witnesses.]

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

Criminal Pattern Jury Instructions, 1.08, Tenth Circuit (2011).

12

**GOVERNMENT'S INSTRUCTION NO. 8**

**[IF DEFENDANT DOES NOT TESTIFY]**

The defendant did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt. You must understand that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify. That is a constitutional right in this country, it is very carefully guarded, and you must not presume or infer guilt from the fact that a defendant does not take the witness stand and testify or call any witnesses.

Criminal Pattern Jury Instructions, 1.08.1, Tenth Circuit (2011).

13

**GOVERNMENT'S INSTRUCTION NO. 9**

**IMPEACHMENT BY PRIOR CONVICTION**

**[IF DEFENDANT TESTIFIES]**

You have heard evidence that the defendant has been convicted of a felony, that is, a crime punishable by imprisonment for a term of years. This conviction has been brought to your attention only because you may wish to consider it when you decide, as with any witness, how much of his testimony you will believe in this trial. The fact that the defendant has been convicted of another crime does not mean that he committed the crime charged in this case, and you must not use his prior conviction as proof of the crime charged in this case. You may find him guilty of the crime charged here only if the government has proved beyond a reasonable doubt that he committed it.

Criminal Pattern Jury Instructions, 1.11, Tenth Circuit (2011).

**GOVERNMENT'S INSTRUCTION NO. 10**

**ON OR ABOUT**

You will note that the indictment charges that the crime was committed on or about

September 11, 2013. The government must prove beyond a reasonable doubt that the

defendant committed the crime reasonably near September 11, 2013, but does not need

to prove that the offense occurred on that exact date.

Criminal Pattern Jury Instructions, 1.18, Tenth Circuit (2011)(modified to include the
language in the last clause).

15

**GOVERNMENT'S INSTRUCTION NO. 11**

**CAUTION—PUNISHMENT**

(Non-Capital Cases)

If you find the defendant guilty, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict.

Criminal Pattern Jury Instructions, 1.20, Tenth Circuit (2011).

16

## GOVERNMENT'S INSTRUCTION NO. 12

## DUTY TO DELIBERATE—VERDICT FORM

In a moment the bailiff will escort you to the jury room and provide each of you with a copy of the instructions that I have just read. Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. You must decide whether the government has proved the defendant guilty beyond a reasonable doubt.

17

A form of verdict has been prepared for your convenience.

[Explain the Verdict Form]

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the bailiff. I will either reply in writing or bring you back into the court to respond to your message. Under no circumstances should you reveal to me the numerical division of the jury.

Criminal Pattern Jury Instructions, 1.23, Tenth Circuit (2011).

18

**GOVERNMENT'S INSTRUCTION NO. 13**

**COMMUNICATION WITH THE COURT**

If you want to communicate with me at any time during your deliberations, please write down your message or question and give it to [the marshal] [the bailiff] [my law clerk], who will bring it to my attention. I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, that with any message or question you might send, you should not tell me any details of your deliberations or indicate how many of you are voting in a particular way on any issue.

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial and sentencing proceedings, was meant to suggest to you what I think your decision should be. That is your exclusive responsibility.

Criminal Pattern Jury Instructions, 1.44, Tenth Circuit (2011).

19

## GOVERNMENT'S INSTRUCTION NO. 14

## ASSAULTING A FEDERAL OFFICER
### 18 U.S.C. § 111

The defendant is charged in counts one, two, and three with a violation of 18 U.S.C. section 111(a)(1) and (b). You should consider each of these elements with each count.

This law makes it a crime to forcibly assault, resist, oppose, impede, intimidate, or interfere with a federal officer while the officer is engaged in the performance of his official duties.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* the defendant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with Ralph Smith, Dee Dee McEvoy, and Brianne Smith;

*Second:* the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was a federal officer who was then engaged in the performance of his or her official duty, as charged; and

*Third:* the defendant did such acts intentionally.

*Fourth:* in doing such acts, the defendant used a deadly or dangerous weapon and/or inflicted bodily injury.

The term "forcible assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so, and includes any intentional display of force that would give a reasonable person cause to expect

20

immediate bodily harm, whether or not the threat or attempt is actually carried out or the victim is injured.

The term "deadly or dangerous weapon" includes any object capable of inflicting death or serious bodily injury. For such a weapon to have been "used," the government must prove that the defendant not only possessed the weapon, but that the defendant intentionally displayed it in some manner while forcibly assault, resist, oppose, impede, intimidate, or interfere the federal officer. The term "bodily injury" means an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought.

You are instructed that Ralph Smith, Dee Dee McEvoy and Brianne Smith are all federal officers, and were performing their official duties at the time of the assault.

It is not necessary to show that the defendant knew the person being forcibly assault, resist, oppose, impede, intimidate, or interfere was, at that time, a federal officer carrying out an official duty so long as it is established beyond a reasonable doubt that the victims were, in fact, federal officers acting in the course of their duties and that the defendant intentionally forcibly assault, resist, oppose, impede, intimidate, or interfere the officers.

Criminal Pattern Jury Instructions, 2.09, Tenth Circuit (2011)

21

71

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 15-cr-00029-PAB

UNITED STATES OF AMERICA,

Plaintiff,

v.

1.      ISHMAEL PETTY,

Defendant.

---

## VERDICT FORM

---

## COUNT 1

We, the jury, upon our oaths, unanimously find the defendant, ISHMAEL PETTY, in Count 1 of the indictment:

_____        Not Guilty

_____        Guilty

## COUNT 2

We, the jury, upon our oaths, unanimously find the defendant, ISHMAEL PETTY, in Count 2 of the indictment:

_____        Not Guilty

_____        Guilty

## COUNT 3

We, the jury, upon our oaths, unanimously find the defendant, ISHMAEL PETTY, in Count 3 of the indictment:

_____   Not Guilty

_____   Guilty

_____
FOREPERSON

Dated this _____ day of July, 2015.

2

CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of July, 2015, I electronically filed the foregoing **GOVERNMENT'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address(es):

Scott Varholak
Scott_varholak@fd.org

*s/Kaily Kannianen*
KAILY KANNIANEN
Legal Assistant
U.S. Attorney's Office
1225 17th Street, Suite 700
Denver, CO 80202
Telephone: (303) 454-0100
FAX: (303) 454-0406
E-mail: Kaily.Kannianen@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 15-cr-00029-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ISHMAEL PETTY,

      Defendant.

---

# MINUTE ORDER

---

**Entered by Judge Philip A. Brimmer**

      The Court has prepared a proposed introductory jury instruction, which is attached to this Minute Order.  This instruction will be read to the jury after jury selection, but before opening statements.  This instruction will be discussed at the trial preparation conference on July 7, 2015.

      DATED July 6, 2015.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 15-cr-00029-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ISHMAEL PETTY,

      Defendant.

---

## INTRODUCTORY JURY INSTRUCTION

---

**Preliminary Instruction Before Trial**

Members of the Jury:  At the end of the trial I will give you detailed guidance on the law and on how you will go about reaching your decision.  But now I simply want to generally explain how the trial will proceed.

This criminal case has been brought by the United States government.  I will sometimes refer to the government as the prosecution.  The government is represented by Assistant United States Attorneys Colleen Covell and Rebecca Weber.  The defendant, Ishmael Petty, is represented by his lawyer, Scott Varholak.

The indictment charges the defendant with three counts of assaulting, resisting, or impeding a federal employee in violation of Title 18, Section 111 of the United States Code.  The indictment is simply the description of the charges made by the government against the defendant; it is not evidence of guilt or anything else.  The defendant pleaded not guilty and is presumed innocent.  He may not be found guilty by you unless all twelve of you unanimously find that the government has proved his guilt beyond a reasonable doubt.

The first step in the trial will be the opening statements.  The government in its opening statement will tell you about the evidence which it intends to put before you.  Just as the indictment is not evidence, neither is the opening statement.  Its purpose is only to help you understand what the evidence will be.  It is a road map to show you what is ahead.

After the government's opening statement, the defendant's attorney may make an opening statement.

Evidence will be presented from which you will have to determine the facts.  The

3

evidence will consist of the testimony of the witnesses, documents and other things received into the record as exhibits, and any facts about which the lawyers agree or to which they stipulate.

The government will offer its evidence.  After the government's evidence, the defendant may present evidence, but he is not required to do so.  I remind you that the defendant is presumed innocent and it is the government that must prove the defendant's guilt beyond a reasonable doubt.  If the defendant submits evidence, the government may introduce rebuttal evidence.

At times during the trial, a lawyer may make an objection to a question asked by another lawyer, or to an answer by a witness.  This simply means that the lawyer is requesting that I make a decision on a particular rule of law.  Do not draw any conclusion from such objections or from my rulings on the objections.  If I sustain an objection to a question, the witness may not answer it.  Do not attempt to guess what answer might have been given if I had allowed the answer.  If I overrule the objection, treat the answer as any other.  If I tell you not to consider a particular statement, you may not refer to that statement in your later deliberations.  Similarly, if I tell you to consider a particular piece of evidence for a specific purpose, you may consider it only for that purpose.

During the course of the trial I may have to interrupt the proceedings to confer with the attorneys about the rules of law that should apply.  Sometimes we will talk briefly, at the bench.  But some of these conferences may take more time, so I will excuse you from the courtroom.  I will try to avoid such interruptions whenever possible, but please be patient even if the trial seems to be moving slowly because conferences

4

often actually save time in the end.

You are to consider all the evidence received in this trial.  It will be up to you to decide what evidence to believe and how much of any witness's testimony to accept or reject.

After you have heard all the evidence on both sides, I will instruct you on the rules of law which you are to use in reaching your verdict.  The government and the defense will then each be given time for their final arguments.

Let me give you some information about whether or not you choose to take notes.  If you would like to take notes during the trial, you may.  On the other hand, you are not required to take notes.

If you do decide to take notes, be careful not to get so involved in note taking that you become distracted, and remember that your notes will not necessarily reflect exactly what was said, so your notes should be used only as memory aids.  Therefore, you should not give your notes precedence over your independent recollection of the evidence.  You should also not be unduly influenced by the notes of other jurors.  If you do take notes, leave them in the jury room at night and do not discuss the contents of your notes until you begin deliberations.

I do not permit jurors to ask questions of witnesses or of the lawyers.  If you are unable to hear a witness or a lawyer, please raise your hand immediately and I will see that this is corrected.

During the course of the trial, you should not talk with any witness, or with the defendant, or with any of the lawyers at all.  In addition, during the course of the trial you should not talk about the trial with anyone else.  Also, you should not discuss this

5

case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial.  It is important that you wait until all the evidence is received and you have heard my instructions on the controlling rules of law before you deliberate among yourselves.  Let me add that during the course of the trial you will receive all the evidence you properly may consider to decide the case.  Because of this, you should not attempt to gather any information on your own that you think might be helpful.  Do not engage in any outside reading or research on this case, including through use of the internet, cell phones, smart phones, or paper resources.  Do not attempt to visit any places mentioned in the case, and do not in any other way try to learn about the case outside the courtroom.

Now that the trial has begun you must not listen to or read about it in the media.  The reason for this is that your decision in this case must be made solely on the evidence presented at the trial.

The court reporter is making stenographic notes of everything that is said.  This is basically to assist any appeals.  However, a typewritten copy of the testimony will not be available for your use during deliberations.  On the other hand, any exhibits will be available to you during your deliberations.

With that introduction, the government may present its opening statement.

6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**JUDGE PHILIP A. BRIMMER**

**COURTROOM MINUTES**

| | |
|---|---|
| Courtroom Deputy: Kathy Preuitt-Parks | Date: July 7, 2015 |
| Court Reporter: Mary George | Time: one hour and 11 minutes |
| Probation Officer: n/a | Interpreter: n/a |

**CASE NO. 15-CR-00056-PAB**

Parties                                              Counsel

**UNITED STATES OF AMERICA,**              Colleen Covell

                                                          Rebecca Weber

          Plaintiff,

vs.

**ISHMAEL PETTY,**                                Scott Varholak


          Defendant.

---

**TRIAL PREPARATION CONFERENCE**

---

**2:05 p.m.     COURT IN SESSION**

APPEARANCES OF COUNSEL.  Defendant is present in custody.

Matter is set for a 4-day jury trial, commencing **July 13, 2015 at 8:00 a.m.**

Court and counsel discuss pending motions.

Argument by Ms. Covell in support of the Government's Motion in Limine and comments in response to the Court's questions.

Argument by Mr. Varholak and comments in response to the Court's questions.

Page Two
15-CR-00029-PAB
July 7, 2015

**ORDERED:**   Government's Motion in Limine [Docket No. 35], is **GRANTED**.

**ORDERED:**   Defendant's Oral Motion in Limine, is **DENIED**.

**ORDERED:**   Defendant's Motion to Suppress Statements [Docket No. 24], is **DENIED as MOOT.**

**ORDERED:**   Defendant's Motion for Advance 404(B) Notice [Docket No. 25], is **DENIED as MOOT.**

**ORDERED:**   Defendant's Motion for Witness Impeachment Evidence [Docket NO. 26], is **DENIED as MOOT**.

Court and counsel discuss Judge Brimmer's Practice Standards including jury selection, proposed voir dire questions, opening statements limited to 15 minutes, witnesses, exhibits and jury instructions.

**ORDERED:**   Witnesses shall be **SEQUESTERED**.

**3:16 p.m.**   **COURT IN RECESS**

**Total in court time:**   **71 minutes**

**Hearing concluded**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Philip A. Brimmer

Criminal Case No. 15-cr-00029-PAB

**ORIGINAL**

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ISHMAEL PETTY,

      Defendant.

---

## VERDICT FORM

---

### COUNT ONE

1.      We, the jury, upon our oaths, unanimously find the defendant, ISHMAEL

PETTY, in Count One of the indictment:

    \_\_\_\_ Not Guilty

   Guilty

### COUNT TWO

2.      We, the jury, upon our oaths, unanimously find the defendant, ISHMAEL

PETTY, in Count Two of the indictment:

    \_\_\_\_ Not Guilty

    ✓ Guilty

## <u>COUNT THREE</u>

3.      We, the jury, upon our oaths, unanimously find the defendant, ISHMAEL

PETTY, in Count Three of the indictment:

_____ Not Guilty

___✓___ Guilty

DATED July 14, 2015



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 15-cr-00029-PAB

UNITED STATES OF AMERICA,

Plaintiff,

v.

ISHMAEL PETTY,

Defendant.

---

**JURY INSTRUCTIONS**

---

## INSTRUCTION NO. 1

Members of the Jury:

In any jury trial there are, in effect, two judges.  I am one of the judges, you are the other.  I am the judge of the law.  You, as jurors, are the judges of the facts.  I presided over the trial and decided what evidence was proper for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case – for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return.  These instructions will be given to you for use in the jury room, so you need not take notes.

## INSTRUCTION NO. 2

You, as jurors, are the judges of the facts.  But in determining what actually happened – that is, in reaching your decision as to the facts – it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.  However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be.  That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took.

# INSTRUCTION NO. 3

The government has the burden of proving the defendant guilty beyond a reasonable doubt.  The law does not require a defendant to prove his innocence or produce any evidence at all.  The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.  There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.  A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case.

If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crimes charged, you must find him guilty.  If, on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

# INSTRUCTION NO. 4

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath and the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

**INSTRUCTION No. 5**

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

**INSTRUCTION NO. 6**

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case.  One is direct evidence, such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence.  The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience.  An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

## INSTRUCTION NO. 7

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt.  In doing so, you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony.  An important part of your job will be making judgments about the testimony of the witnesses who testified in this case.  You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was.  In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome in this case?  Did the witness have any relationship with either the government or the defense?  Did the witness seem to have a good memory?  Did the witness clearly see or hear the things about which he/she testified?  Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses?  When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail.  And you should keep in mind that innocent misrecollection — like failure of recollection — is not uncommon.

In reaching a conclusion on a particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

**INSTRUCTION NO. 8**

The defendant, ISHMAEL PETTY, did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt.  You must understand that the Constitution of the United States grants to a defendant the right to remain silent.  That means the right not to testify.  That is a constitutional right in this country, it is very carefully guarded, and you must not presume or infer guilt from the fact that a defendant does not take the witness stand and testify or call any witnesses.

## INSTRUCTION No. 9

The indictment is only a formal method used by the government to accuse a defendant of a crime.  It is not evidence of any kind against the defendant.  The defendant is presumed to be innocent of the crimes charged.  Even though this indictment has been returned against the defendant, the defendant begins this trial with absolutely no evidence against him.

Defendant has pleaded "Not Guilty" to this indictment and, therefore, denies that he is guilty of the charges.

**INSTRUCTION No. 10**

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged.  The defendant is not on trial for any act, conduct, or crime not charged in the indictment.

**INSTRUCTION No. 11**

A separate crime is charged in each count of the indictment.  Each charge, and the evidence pertaining to it, should be considered separately by the jury.  The fact that you may find the defendant guilty or not guilty as to one of the counts should not control your verdict as to any other count.

## INSTRUCTION No. 12

The defendant is charged in Counts One, Two, and Three with a violation of 18 U.S.C. §§ 111(a)(1) and (b).  This law makes it a crime to forcibly assault, resist, oppose, impede, intimidate, or interfere with a federal officer while the officer is engaged in the performance of his or her official duties.

In Count One, the defendant is charged with forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with Ralph Smith on or about September 11, 2013.

In Count Two, the defendant is charged with forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with Dee Dee McEvoy on or about September 11, 2013.

In Count Three, the defendant is charged with forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with Brianne Smith on or about September 11, 2013.

To find the defendant guilty of the crime charged in each of these counts you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with a person;

*Second*: the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was a federal officer or employee who was then engaged in the performance of his or her official duties;

*Third*: the defendant did such acts intentionally; and

*Fourth*: in doing such acts, the defendant used a deadly or dangerous weapon and/or inflicted bodily injury.

To "forcibly assault" a person means to intentionally attempt or threaten to inflict injury upon someone else, when coupled with an apparent present ability to do so, and includes any intentional display of force that would give a reasonable person cause to expect immediate bodily harm, whether or not the threat or attempt is actually carried out or the victim is injured.

It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, a federal officer or employee carrying out an official duty so long as it is established beyond a reasonable doubt that the victim was, in fact, a federal officer or employee acting in the course of his or her duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer or employee.

The term "deadly or dangerous weapon" includes any object capable of inflicting death or serious bodily injury.  For such a weapon to have been "used," the government must prove that the defendant not only possessed the weapon, but that the defendant intentionally displayed it in some manner while forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with the federal officer or employee.

The term "bodily injury" means an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought.

## INSTRUCTION No. 13

Your verdict must be unanimous.  Counts One, Two, and Three of the indictment accuse defendant of using a deadly or dangerous weapon and inflicting bodily injury.

The government is not required to prove both that the defendant used a deadly or dangerous weapon and that he inflicted bodily injury.

But, in order to return a guilty verdict as to each count, all twelve of you must agree the defendant used a deadly or dangerous weapon, or all twelve of you must agree the defendant inflicted bodily injury, or all twelve of you must agree that the defendant both used a deadly or dangerous weapon and that he inflicted bodily injury.

**INSTRUCTION NO. 14**

You will note that the indictment charges that each crime was committed "on or about" September 11, 2013.  The government must prove beyond a reasonable doubt that the defendant committed the crimes reasonably near September 11, 2013.

## INSTRUCTION NO. 15

If you find the defendant guilty, it will be my duty to decide what the punishment will be.  You should not discuss or consider the possible punishment in any way while deciding your verdict.

## INSTRUCTION NO. 16

In a moment the court security officer will escort you to the jury room and provide you an original copy of the jury instructions.  Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.  The second thing you should do is review the instructions.  Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but, for your verdict to be valid, you must follow the instructions throughout your deliberations.  Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree.  Your verdict must be unanimous on each count of the indictment.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.  But do not give up your honest beliefs solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times, you are judges — judges of the facts.  You must decide whether the government has proved the defendant guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience.

**[Reading of Verdict Form]**

The foreperson will write the unanimous answer of the jury for each count in the space provided for, either guilty or not guilty.  At the conclusion of your deliberations, the foreperson should date and sign the verdict form and notify the Court through a note given to the court security officer that you have reached a verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer.  I will either reply in writing or bring you back into the court to respond to your message.  Under no circumstances should you reveal to me the numerical division of the jury.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 15-cr-00029-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  ISHMAEL PETTY,

      Defendant.

---

## GOVERNMENT'S SENTENCING STATEMENT

---

      The United States of America, by and through the undersigned Assistant United States Attorney for the District of Colorado, submits the following Sentencing Statement pursuant to Local Rule 32.1, reserving the right to file a statement pursuant to USSG. § 6A1.3(a) in response to the Pre-Sentence Investigation Report.

### I.  BACKGROUND

      On July 14, 2015, a jury found the defendant guilty of all three counts of assaulting, resisting, or impeding a federal officer. Sentencing is set for October 30, 2015.

### II.  STATEMENT OF FACTS

      The evidence at trial established that on September 11, 2013, the defendant brutally assaulted two educational technicians and one case manager at the Administrative Maximum Security (ADX) prison in Florence, Colorado.

      The evidence showed that the defendant meticulously planned the attack. On the

morning of September 11, 2013, the defendant compromised security and managed to hide in the area between the two doors to his cell. The area, known as the sally port, is between an outer, solid steel door and an inner grill with bars. The defendant perched inside that area wearing homemade body armor and a homemade shank that he kept in a sheath on his pants.

Just before 7 a.m. that morning, two educational technicians, Ralph Smith and Brianne Smith, headed to the defendant's range in the Delta Unit of ADX to deliver library books. DeeDee McEvoy, a case manager, was also heading to that range to conduct rounds with the inmates. Ralph Smith and Brianne Smith started at the far end of the range, at Cell 107. Dee Dee McEvoy was a few feet away, speaking with an inmate in Cell 105. As the educational technicians approached the defendant's cell, they radioed to the guard in the bubble to open the outer door, expecting to step into the sally port and hand the defendant his books through the bars of the inner door. They did not know that the defendant was hiding between the two cell doors.

When Brianne Smith stepped into his cell, the defendant jumped out and sprayed hot sauce in her eyes, temporarily blinding her, then began attacking Ralph Smith. He hit Ralph Smith repeatedly, first using his hands, and then using a baton he took from Dee Dee McEvoy as she tried to stop the attack. As the defendant relentlessly hit Ralph Smith's head and body over and over again with the baton, Ralph Smith laid on his back in the hallway, trying to shimmy away. Ralph Smith tried to defend himself, kicking and flailing his arms, but he was no match against the defendant. The defendant managed to get Ralph Smith's baton, too. With a baton in each hand, he kept hitting Ralph Smith. He

hit both women, too – DeeDee McEvoy on the hand and Brianne Smith on the arm – as they frantically tried to protect Mr. Smith and stop the beating. When another guard finally came to the rescue, and the defendant returned to his cell, Ralph Smith was on the ground on his back, a trail of blood on the floor and a pool of blood under his head.

As a result of the attack, Ralph Smith suffered severe injuries to his head and his hand. He also suffers from post-traumatic stress disorder as a result of the attack. Brianne Smith and DeeDee McEvoy also suffered injuries, for which they were treated at a nearby hospital. DeeDe McEvoy continues to experience hand pain as a result of the attack.

For this conduct, a jury found the defendant guilty of three felony counts of assaulting, resisting, or impeding a federal officer.

### III.   RELEVANT SENTENCING FACTORS

A.  The Base Offense Level is 14 [s2A2.2].

B.  There is an increase of 2 levels for more than minimal planning [(b)(1)].

C.  There is an increase of 4 levels for use of a dangerous weapon [(b)(2)(B)].

D.  There is an increase of 6 levels for permanent bodily injury [(b)(3)(C)].

E.  There is an increase of 2 levels for being convicted under s111(b) and a 6 level increase for Official Victim [3A1.2(c)].

F.  There is a 3 level increase because there is no grouping of victims [3D1.4].

G.  Thus, the Total Offense Level is 37.

H.  Defendant's Criminal History Category is VI. Defendant is a Career Offender but the Offense Level above is higher than provided by the Career Offender

section, so the guideline range is 360-life. Statutory maximum is 20 years.

## IV.    <u>GOVERNMENT'S RECOMMENDATION FOR SENTENCE IMPOSED</u>

The government submits that the statutory maximum of 20 years is the appropriate

sentence based on the severity of the crime and the defendant's incredibly violent history.

Dated this 5th day of August, 2015.

Respectfully submitted,
JOHN F. WALSH
United States Attorney

By:    <u>    s/Colleen Covell             </u>
Colleen Covell
Assistant U.S. Attorney
Rebecca Weber
Assistant U.S. Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado  80202
Telephone:  303-454-0100
Facsimile:  303-454-0403
E-mail:  colleen.covell@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of August, 2015, I electronically filed the foregoing   **SENTENCING STATEMENT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Scott Varholak**
Email:        Scott_Varholak@fd.org

_s/Kaily Kannianen_
KAILY KANNIANEN
Legal Assistant
1225 Seventeenth Street, Suite 700
Denver, Colorado  80202
Telephone:  303-454-0100
Facsimile:  303-454-0403
E-mail:  Kaily.kannianen@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 15-cr-00029-PAB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

ISHMAEL PETTY,

       Defendant.

_____

**DEFENDANT'S RESPONSE AND OBJECTION TO THE PRESENTENCE
INVESTIGATION REPORT**
_____

Defendant Ishmael Petty, by and through undersigned counsel, submits the following Response and Objection to the Presentence Investigation Report ("PSI"):

Mr. Petty objects to the conclusion that he is a career offender. This conclusion is premised on Mr. Petty's prior robbery and second degree murder convictions. The defense acknowledges that, prior to *Johnson v. United States*, 135 S. Ct. 2551 (2015), caselaw from this circuit would compel the conclusion that these convictions qualified as crimes of violence, and that Mr. Petty was therefore a career offender. Post-*Johnson*, however, these convictions no longer constitute crimes of violence. As a result, Mr. Petty does not have two prior crimes of violence convictions, and is not a career offender.

I.     *Johnson v. United States*, 135 S. Ct. 2551 (2015)

*Johnson* held that the residual clause of the Armed Career Criminal Act[1] was

unconstitutionally vague.  *Id.*  The crime of violence definition found at United States

Sentencing Guideline 4B1.2 contains the exact same residual clause.  *See* U.S.S.G. §

4B1.2(a)(2).  Because there is no meaningful distinction between the two definitions,

*Johnson* must necessarily apply to the Guidelines' crime of violence definition, and

render Section 4B1.2(a)(2)'s residual clause unconstitutionally vague.  *See United*

*States v. Collins,* – F.3d –, 2015 WL 4997453 (6th Cir. 2015) (applying *Johnson* to

Section 4B1.2); *cf.* (*United States v. Goodwin*, 2015 WL 5167789 (10th Cir. September

4, 2015) (unpublished), at *3 (government concedes that *Johnson* applies to career

offender guideline); *Ramirez v. United States*, – F.3d –, 2015 WL 5011965 (7th Cir.

2015) (assuming without deciding that *Johnson* applies to Section 4B1.2); *but see*

*United States v. Matchett*, – F.3d –, 2015 WL 5515439 (11th Cir. 2015) (refusing to

apply *Johnson* to Section 4B1.2).

Once the residual clause is eliminated, Section 4B1.2(a) reads as follows:

(a)     The term "crime of violence" means any offense under federal or state
        law, punishable by imprisonment for a term exceeding one year, that –

        (1)     has an element the use, attempted use, or threatened use of
                physical force against the person of another, or

        (2)     is burglary of a dwelling, arson, or extortion, [or] involves use of
                explosives.

---

[1] The residual clause defined a violent felony as a crime punishable by
imprisonment exceeding one year that "otherwise involves conduct that presents a
serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).

U.S.S.G. §4B1.2(a) (eliminating residual clause).  Because neither murder nor bank robbery are listed amongst the crimes enumerated in Paragraph 2, they will only qualify if they involve the use, attempted use, or threatened use of force.

## II.   Neither Robbery Nor Second Degree Murder Require Physical Force

Physical force means "violent force," that is "strong physical force," which is "capable of causing physical pain or injury to another person."  *Johnson v. United States*, 559 U.S. 133, 140 (2010).  But, such violent force is not required for either bank robbery or second degree murder.  An individual can commit bank robbery through intimidation.  It is well settled that "intimidation" under the federal bank robbery statute only occurs when "an ordinary person in the teller's position reasonably could infer a threat of *bodily harm* from the defendant's acts."  *United States v. Woodrop*, 86 F.3d 359, 364 (4th Cir. 1996) (emphasis added); *see also United States v. Yockel*, 320 F.3d 818, 824 (8th Cir. 2003) (same); *United States v. Higdon*, 832 F.2d 312, 315 (5th Cir. 1987) (same).

But, bodily harm is different from violent force.  *United States v. Perez-Vargas*, 414 F.3d 1282 (10th Cir. 2005), is instructive.  In that case, the Court explained that although the Colorado third degree assault statute required an act causing bodily injury, imposing that injury does not necessarily include the use or threatened use of physical force as required by the Guidelines and so the Colorado crime was not categorically a crime of violence under U.S.S.G. § 2L1.2.  414 F.3d at 1286-1287.  The Tenth Circuit reasoned that "several examples [exist] of third degree assault that would not use or threaten the use of physical force: recklessly shooting a gun in the air to celebrate,

3

intentionally placing a barrier in front of a car causing an accident, or intentionally exposing someone to hazardous chemicals."  *Perez-Vargas*, 414 F.3d at 1286.

The Fourth Circuit's decision in *United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012), is also on point.  In *Torres-Miguel,* at issue was the defendant's prior conviction for the California offense of willfully threatening to commit a crime which "*will result in death or great bodily injury to another*."  701 F.3d at 167 (citing Cal. Penal Code § 422(a)) (emphasis added).  The specific question in the case was whether the statute had an element equating to a threat of "violent force" under the force clause of U.S.S.G. § 2L1.2 – a clause that is identical in all relevant respects to the force clause of Section 4B1.2.  *Id.* at 168.  Despite the "death or great bodily injury" element in the California statute, the Court found that the offense was missing a "violent force" element, and thus, did not qualify as a "crime of violence" under the force clause.  *Id.* at 168-69.

In reaching this conclusion, the Court reasoned that there are many ways in which physical injury – even death – can result without use of "violent force."  *Id.* at 168-69.[2]  As a result, "[a]n offense that *results* in physical injury, but does not involve the use or threatened use of force, simply does not meet the Guidelines definition of crime of violence."  *Id.* at 168.  Indeed, "[n]ot to recognize the distinction between a *use* of force and a *result* of injury is not to recognize the logical fallacy . . . that simply

---

[2] "For example, as the Fifth Circuit has noted, a defendant can violate statutes like § 422(a) by threatening to poison another, which involves no use or threatened use of force."  *Torres-Miguel*, 701 F.3d at 168-69 (citing *United States v. Cruz-Rodriguez*, 625 F.3d 274, 276 (5th Cir. 2010)).

4

because all conduct involving a risk of the use of physical force also involves a risk of injury then the converse must also be true."  *Id.* at 169 (internal quotations omitted).

Similarly, *Chrzanoski v. Ashcroft*, 327 F.3d 188 (2d Cir. 2003), demonstrates the distinction between force and bodily injury.  In that case, at issue was whether a prior Connecticut conviction for third degree assault qualified as a "crime of violence" under the force clause.  *Id.* at 193-194.  The Connecticut statute "require[s] the state to prove that the defendant had intentionally caused physical injury."  *Id.* at 193.  Nonetheless, the Second Circuit held that the statute does not constitute a crime of violence because there is a difference between causation of an injury, which is all that the Connecticut statute required, and an injury's causation by the use of physical force.  *Id.* at 193-197

In reaching this conclusion, the Second Circuit explained that "an individual could be convicted of intentional assault in the third degree for injury caused not by physical force, but by guile, deception, or even deliberate omission."  *Id.* at 195.  The Court elaborated that "human experience suggests numerous examples of intentionally causing physical injury without the use of force, such as a doctor who deliberately withholds vital medicine from a sick patient" or someone who causes physical impairment by placing a tranquilizer in the victim's drink.  *Id.* at 195-56.

As these cases demonstrate, putting someone in fear of bodily harm does not require "violent force."  If threat of serious bodily injury or death does not equal violent force, then certainly fear of "bodily harm" does not.  Indeed, a defendant can place another in fear of bodily harm by threatening to poison that person, release hazardous chemicals on that person, or lock that person up in a room without food or water –

some of the very examples that the above-cited Courts claim do not constitute "violent force."  As a result, Mr. Petty's bank robbery conviction cannot categorically qualify as a crime of violence.

Similarly, second degree murder does not require violent force.  Again, second degree murder only requires a defendant, with malice aforethought, to cause the death of another.  *See United States v. Headman*, 594 F.3d 1179, 1186 (10th Cir. 2010). There is no requirement that the defendant do so with violent force.  Accordingly, second degree murder does not meet the force prong of Section 4B1.2, and does not qualify as a crime of violence.[3]

## III.    Application Note 1 Does Not Change The Analysis

The fact that robbery and murder are included in the crime of violence definition found in Application Note 1 is irrelevant.  Like several of the other offenses listed in Application Note 1 (extortion, extortionate extension of credit), these offenses are based on Section 4B1.2's residual clause.  Once the residual clause is eliminated, these offenses contradict the plain text of Section 4B1.2; they are neither enumerated in Section 4B1.2 nor meet the violent force component of Section 4B1.2.  As a result, these offenses based upon the residual clause must too fail.  *See United States v.*

---

[3] The facts of the conviction itself cannot be considered.  *See*, *e.g.*, *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013) (explaining that, under the categorical approach, the Court looks only to the elements of the offense, not the facts of that offense).  As a result, for purposes of determining whether the bank robbery or murder convictions qualify as crimes of violence, the defense objects to the descriptions set forth in the PSI.  Moreover, even if the robbery statute were deemed divisible thereby allowing a modified categorical approach (which would require the government to prove that the prosecution in that case proceeded on a prong other than the intimidation prong), the second degree murder statute is not a divisible statute.

*Farnsworth*, 92 F.3d 1001, 1007 (10th Cir. 1996) (stating that Commentary is not binding on Court when it violates the Constitution or a federal statute, or is inconsistent with the guideline it interprets); *United States v. Wilks*, 464 F.3d 1240, 1245 (11th Cir. 2006) ("When it comes to the interpretation of the guidelines, Commentary and Application Notes of the Sentencing Guidelines are binding on the courts unless they contradict the plain meaning of the text of the Guidelines.").

Thus, because neither Mr. Petty's robbery nor his second degree murder conviction are crimes of violence, he is not a career offender.  As a result, his criminal history category would be III.  His resultant guideline range would be 262-327 months.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ Scott T. Varholak
SCOTT T. VARHOLAK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Scott_Varholak@fd.org
Attorney for Defendant

7

**CERTIFICATE OF SERVICE**


I hereby certify that on 10/6/2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Colleen Covell, AUSA
email: colleen.covell@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Ishmael Petty            (via Mail)
Reg. No. 10783-042
c/o USP Florence-ADMAX


s/ Scott T. Varholak
SCOTT T. VARHOLAK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Scott_Varholak@fd.org
Attorney for Defendant

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 15-cr-00029-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     ISHMAEL PETTY,

    Defendant.

---

**GOVERNMENT'S RESPONSE TO DEFENDANT'S RESPONSE AND
OBJECTION TO THE PRESENTENCE INVESTIGATION REPORT**

---

     The United States of America, by John F. Walsh, United States Attorney for the District of Colorado, and Colleen Covell and Rebecca Weber, Assistant United States Attorneys, hereby submits the following response to Defendant's Response and Objection to the Presentence Investigation Report [DOC 56].

     In his Response, Defendant makes the argument that he should not be considered a Career Offender under section 4B1.1 of the Sentencing Guidelines because his three prior convictions – Armed Robbery, Armed Bank Robbery, and Second Degree Murder – do not constitute crimes of violence as set forth in the Guidelines. There is no merit to his argument and the Court should overrule the objection and apply the Career Offender enhancement as set forth in the Presentence Investigation Report.

The Court does not need to address Defendant's novel claim that murder and armed robbery do not contain an element of the use of force and, therefore, cannot be considered crimes of violence because a straight reading of the relevant Guidelines decides the issue. The commentary to the Career Offender provision of the Guidelines specifically enumerates Defendant's prior convictions as crimes of violence:

> "Crime of violence" includes *murder*, manslaughter, kidnapping, aggravated assault, forcible sex offenses, *robbery*, arson, extortion, extortionate extension of credit, and burglary of a dwelling.

Commentary to §4B1.2, Application Note 1 (emphasis added). The Supreme Court has held that "commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 36, 38 (1993). The Supreme Court went on to say that the Commission's interpretation of "crime of violence" to include the offenses listed in the commentary "does not run afoul of the Constitution or a federal statute" and "is not plainly erroneous or inconsistent with §4B1.2." *Id.* at 47.

Defendant's only response to this well-settled law is to make a baseless assertion that the enumerated offenses in Application Note 1 are based on the residual clause that is now considered unconstitutionally vague after the Supreme Court's ruling in *Johnson v. United States*, 135 S.Ct. 2551 (2015). He cites no authority for this claim. Nothing in the Commentary suggests that the enumerated offenses were drawn from the residual clause. In fact, a review of the United States Sentencing Commission's recent Proposed Amendment to the definition of the term "crime of violence" under §4B1.2, scheduled to take place in 2016, confirms that the Career Offender provision specifically

2

contemplates murder and robbery as crimes of violence. The Proposed Amendment

acknowledges the holding in *Johnson* and removes the residual clause in §4B1.2(a)(2).

More important to the issue in this case, it clarifies that the enumerated offenses

currently set forth in the Application Note – including murder and robbery – are *in fact*

crimes of violence for purposes of the Career Offender provision and moves them into

the body of the Guideline:

> In addition, the proposed amendment amends §4B1.2 to clarify and revise the list of "enumerated" offenses. While some offenses covered by the definition are listed in the guideline (such as burglary of a dwelling, arson, and extortion), many other offenses covered by the definition are listed in the commentary instead (e.g., murder, kidnapping, aggravated assault, robbery). The proposed amendment makes some revisions to the list of enumerated offenses, moves all enumerated offenses to the guideline, and provides definitions for the enumerated offenses in the commentary.

*See* Proposed Amendments to Sentencing Guidelines, August 12, 2015 at

http://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-

amendments/20150812_RF_Proposed.pdf.

Thus, the Guidelines themselves, as well as the controlling Supreme Court precedent

interpreting those Guidelines, make clear that Defendant is properly considered a Career

Offender under §4B1.1. Accordingly, Defendant's Objection should be overruled.

Respectfully submitted,

JOHN F. WALSH
United States Attorney

*s/Colleen Covell*
By:    COLLEEN COVELL
*s/Rebecca Weber*
By:    REBECCA WEBER
Assistant United States Attorneys
1225 Seventeenth Street, Ste 700
Denver, Colorado  80202
Telephone:  (303) 454-0100
Fax: (303) 454-0402
Email:Colleen.covell@usdoj.gov

3

CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of October, 2015, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT'S RESPONSE AND OBJECTION TO THE PRESENTENCE INVESTIGATION REPORT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address(es):

Scott Varholak
Scott_Varholak@fd.org

s/Kaily Kannianen
KAILY KANNIANEN
Legal Assistant
U.S. Attorney's Office
1225 17th Street, Suite 700
Denver, CO 80202
Telephone: (303) 454-0100
FAX: (303) 454-0406
E-mail: Kaily.Kannianen@usdoj.gov

5

✎AO 245B    (Rev. 11/14 D/CO) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

District of _____ **COLORADO** _____

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **V.** | |
| ISHMAEL PETTY | |

Case Number:         15-cr-00029-PAB-01

USM Number:         10783-042

Scott Thomas Varholak, AFPD
Defendant's Attorney

## THE DEFENDANT:

☐ pleaded guilty to Count(s) _____

☐ pleaded nolo contendere to Count(s) _____
   which was accepted by the Court.

☒ was found guilty on Counts    1, 2, and 3 of the Indictment
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 111(a)1) and (b) | Assaulting and Resisting and Impeding a Federal Employee (Dangerous Weapon and Bodily Injury) | 09/11/2013 | 1 |

The defendant is sentenced as provided in pages 2 through ____10____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on Count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 30, 2015
Date of Imposition of Judgment

s/Philip A. Brimmer
Signature of Judge

Philip A. Brimmer, U.S. District Judge
Name and Title of Judge

November 2, 2015
Date

AO 245B  (Rev. 11/14 D/CO) Criminal Judgment
Sheet 1A

Judgment—Page __2__ of __10__

DEFENDANT:          ISHMAEL PETTY
CASE NUMBER:        15-cr-00029-PAB-01

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 111(a)(1) and (b) | Assaulting and Resisting and Impeding a Federal Employee (Dangerous Weapon and Bodily Injury) | 09/11/2013 | 2 |
| 18 U.S.C. § 111(a)(1) and (b) | Assaulting and Resisting and Impeding a Federal Employee (Dangerous Weapon and Bodily Injury) | 09/11/2013 | 3 |

AO 245B     (Rev. 11/14 D/CO) Judgment in Criminal Case
            Sheet 2 — Imprisonment

DEFENDANT:        ISHMAEL PETTY
CASE NUMBER:      15-cr-00029-PAB-01

## IMPRISONMENT

      The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 240 months as to each of Counts 1, 2, and 3, to be served consecutively, for a total imprisonment term of 720 months. This sentence is to be served consecutively to U.S. District Court case numbers 98-cr-00018-01 and 02-cr-10006-01.

☐    The court makes the following recommendations to the Bureau of Prisons:

☒    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

        ☐ at _____ ☐ a.m. ☐ p.m.   on _____ .

        ☐ as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

        ☐ before 12 p.m. on _____ .

        ☐ as notified by the United States Marshal.

        ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

      Defendant delivered on _____   to _____

at _____ , with a certified copy of this judgment.

               _____

               UNITED STATES MARSHAL

      By _____

               DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 11/14 D/CO) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page <u>4</u> of <u>10</u>

DEFENDANT:       ISHMAEL PETTY
CASE NUMBER:     15-cr-00029-PAB-01

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:       Three (3) years as to each of Counts 1, 2, and 3, to be served concurrently with one another and concurrently with U.S. District Court case number 98-cr-00018-01.

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

      If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. Except as authorized by court order, the defendant shall not possess, use or sell marijuana or any marijuana derivative (including THC) in any form (including edibles) or for any purpose (including medical purposes). Without the prior permission of the probation officer, the defendant shall not enter any marijuana dispensary or grow facility;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

14)   the defendant shall provide access to any requested financial information.

AO 245B    (Rev. 11/14 D/CO) Judgment in a Criminal Case
          Sheet 5 — Criminal Monetary Penalties

Judgment — Page ___5___ of ___10___

DEFENDANT:          ISHMAEL PETTY
CASE NUMBER:        15-cr-00029-PAB-01

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 300.00 ($100 per count) | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| **TOTALS** | $ _____ | $ _____ | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The Court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 11/14 D/CO) Judgment in a Criminal Case
           Sheet 6 — Schedule of Payments

Judgment — Page    6    of    10

DEFENDANT:         ISHMAEL PETTY
CASE NUMBER:       15-cr-00029-PAB-01

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

☐ not later than _____ , or
☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☒ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☒ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The Court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

Special assessment to be paid in full immediately.

Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following Court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and Court costs.

AO 245B  (Rev.11/14 D/CO) Criminal Judgment
  Attachment (Page 1) — Statement of Reasons

Judgment—Page    7    of    10

DEFENDANT:        ISHMAEL PETTY
CASE NUMBER:      15-cr-00029-PAB-01

# STATEMENT OF REASONS

**I    COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

A  ☐    **The Court adopts the presentence investigation report without change.**

B  ☒    **The Court adopts the presentence investigation report with the following changes.**

  (Check all that apply and specify Court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
  (Use page 4 if necessary.)

  1    ☒    **Chapter Two of the U.S.S.G. Manual** determinations by Court (including changes to base offense level, or specific offense characteristics):
        The Court found that the appropriate increase under §2A2.2(b)(3), for Group 3, is a 3-level increase because the injury in that group was 'bodily injury.'  The Presentence Investigation Report is to be amended.

  2    ☐    **Chapter Three of the U.S.S.G. Manual** determinations by Court (including changes to victim-related adjustments,  role in the offense, obstruction of justice, multiple Counts, or acceptance of responsibility):

  3    ☐    **Chapter Four of the U.S.S.G. Manual** determinations by Court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

  4    ☐    **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

C  ☐    **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

**II    COURT FINDING ON MANDATORY MINIMUM SENTENCE** (Check all that apply.)

A  ☒    No Count of conviction carries a mandatory minimum sentence.

B  ☐    Mandatory minimum sentence imposed.

C  ☐    One or more Counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the Court has determined that the mandatory minimum does not apply based on

      ☐    findings of fact in this case

      ☐    substantial assistance (18 U.S.C. § 3553(e))

      ☐    the statutory safety valve (18 U.S.C. § 3553(f))

**III    COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):**

Total Offense Level:                    37
Criminal History Category:      VI
Imprisonment Range:      360 mos.   to      life
Supervised Release Range:         1      to      3      years
Fine Range: $  20,000.00      to  $  200,000.00
☒    Fine waived or below the guideline range because of inability to pay.

AO 245B    (Rev. 11/14 D/CO) Criminal Judgment
           Attachment (Page 2) — Statement of Reasons

Judgment—Page ___8___ of ___10___

DEFENDANT:          ISHMAEL PETTY
CASE NUMBER:        15-cr-00029-PAB-01

# STATEMENT OF REASONS

**IV**   **ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

A   ☐   The sentence is within an advisory guideline range that is not greater than 24 months, and the Court finds no reason to depart.

B   ☒   The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons:
The nature and circumstances of offense and the nature of the defendant's criminal history.

C   ☐   The Court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual.
(Also complete Section V.)

D   ☐   The Court imposed a sentence outside the advisory sentencing guideline system.  (Also complete Section VI.)

**V**   **DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

A   **The sentence imposed departs** (Check only one.):
☐ below the advisory guideline range
☐ above the advisory guideline range

B   **Departure based on** (Check all that apply.):

1   **Plea Agreement** (Check all that apply and check reason(s) below.):
☐ 5K1.1 plea agreement based on the defendant's substantial assistance
☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
☐ binding plea agreement for departure accepted by the Court
☐ plea agreement for departure, which the Court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense departure motion.

2   **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐ 5K1.1 government motion based on the defendant's substantial assistance
☐ 5K3.1 government motion based on Early Disposition or "Fast-track" program
☐ government motion for departure
☐ defense motion for departure to which the government did not object
☐ defense motion for departure to which the government objected

3   **Other**
☐ Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C   **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | |
|---|---|---|---|---|---|
| ☐ 4A1.3 | Criminal History Inadequacy | ☐ 5K2.1 | Death | ☐ 5K2.11 | Lesser Harm |
| ☐ 5H1.1 | Age | ☐ 5K2.2 | Physical Injury | ☐ 5K2.12 | Coercion and Duress |
| ☐ 5H1.2 | Education and Vocational Skills | ☐ 5K2.3 | Extreme Psychological Injury | ☐ 5K2.13 | Diminished Capacity |
| ☐ 5H1.3 | Mental and Emotional Condition | ☐ 5K2.4 | Abduction or Unlawful Restraint | ☐ 5K2.14 | Public Welfare |
| ☐ 5H1.4 | Physical Condition | ☐ 5K2.5 | Property Damage or Loss | ☐ 5K2.16 | Voluntary Disclosure of Offense |
| ☐ 5H1.5 | Employment Record | ☐ 5K2.6 | Weapon or Dangerous Weapon | ☐ 5K2.17 | High-Capacity, Semiautomatic Weapon |
| ☐ 5H1.6 | Family Ties and Responsibilities | ☐ 5K2.7 | Disruption of Government Function | ☐ 5K2.18 | Violent Street Gang |
| ☐ 5H1.11 | Military Record, Charitable Service, Good Works | ☐ 5K2.8 | Extreme Conduct | ☐ 5K2.20 | Aberrant Behavior |
| | | ☐ 5K2.9 | Criminal Purpose | ☐ 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ 5K2.0 | Aggravating or Mitigating Circumstances | ☐ 5K2.10 | Victim's Conduct | ☐ 5K2.22 | Age or Health of Sex Offenders |
| | | | | ☐ 5K2.23 | Discharged Terms of Imprisonment |
| | | | | ☐ | Other guideline basis (e.g., 2B1.1 commentary) |

D   **Explain the facts justifying the departure.**  (Use page 4 if necessary.)

130

AO 245B   (Rev. 11/14 D/CO) Criminal Judgment
Attachment (Page 3) — Statement of Reasons

Judgment—Page  9  of  10

DEFENDANT:       ISHMAEL PETTY
CASE NUMBER:    15-cr-00029-PAB-01

# STATEMENT OF REASONS

**VI   COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
(Check all that apply.)

A    **The sentence imposed is** (Check only one.):
☐ below the advisory guideline range

☐ above the advisory guideline range

B    **Sentence imposed pursuant to** (Check all that apply.):

1    **Plea Agreement** (Check all that apply and check reason(s) below.):
☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the Court
☐ plea agreement for a sentence outside the advisory guideline system, which the Court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense motion to the Court to sentence outside the advisory guideline system

2    **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐ government motion for a sentence outside of the advisory guideline system
☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object
☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

3    **Other**
☐ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (

C    **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

☐ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)

☐ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))

☐ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))

☐ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))

☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))

☐ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))

☐ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

D    **Explain the facts justifying a sentence outside the advisory guideline system.**  (Use page 4 if necessary.)

AO 245B   (Rev. 11/14 D/CO) Criminal Judgment
Attachment (Page 4) — Statement of Reasons

Judgment—Page   10   of   10

DEFENDANT:        ISHMAEL PETTY
CASE NUMBER:      15-cr-00029-PAB-01

# STATEMENT OF REASONS

## VII   COURT DETERMINATIONS OF RESTITUTION

A ☐ Restitution Not Applicable.

B  Total Amount of Restitution:   0.00

C  Restitution not ordered (Check only one.):

1 ☐   For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of
identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

2 ☐   For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex
issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree
that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

3 ☐   For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not
ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh
the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

4 ☒   Restitution is not ordered for other reasons.  (Explain.)
Restitution was not requested by any victim.

D ☐ Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

## VIII   ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable.)

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

132

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 15-cr-00029-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ISHMAEL PETTY,

      Defendant.
_____

### DEFENDANT'S NOTICE OF APPEAL
_____

      Notice is hereby given that Ishmael Petty, defendant in the above named case,

hereby appeals to the United States Court of Appeals for the Tenth Circuit from the final

judgment in the United States District Court for the District of Colorado entered in this

action on the Third day of November, 2015.

                    Respectfully submitted,

                    VIRGINIA L. GRADY
                    Federal Public Defender

                    s/ Scott T. Varholak
                    SCOTT T. VARHOLAK
                    Assistant Federal Public Defender
                    633 17th Street, Suite 1000
                    Denver, CO  80202
                    Telephone:  (303) 294-7002
                    FAX:  (303) 294-1192
                    Scott_Varholak@fd.org
                    Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on 11/3/2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Colleen Covell, AUSA
email: colleen.covell@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Ishmael Petty          (via Mail)
Reg. No. 10783-042
c/o USP Florence-ADMAX

s/ Scott T. Varholak
SCOTT T. VARHOLAK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Scott_Varholak@fd.org
Attorney for Defendant