FILED
United States Court of Appeals
Tenth Circuit

May 22, 2017

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br>v.<br><br>ISHMAEL PETTY,<br><br>    Defendant-Appellant.<br><br>-----------------------------------------------<br><br>NATIONAL ASSOCIATION OF CRIMINAL DEFENSE LAWYERS; COLORADO CRIMINAL DEFENSE BAR,<br><br>    Amici Curiae. | No. 15-1421 |

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 1:15-CR-00029-PAB-1)**

---

Gail K. Johnson, Johnson, Brennan & Klein, PLLC, Boulder, Colorado, for Defendant-Appellant.

J. Bishop Grewell, Assistant United States Attorney (Robert C. Troyer, Acting United States Attorney, with him on the brief), Denver, Colorado, for Plaintiff-Appellee.

Norman R. Mueller, Haddon Morgan & Foreman P.C., Denver, Colorado; Kyle W. Brenton, Davis Graham & Stubbs, LLP, Denver, Colorado, with him on the brief as Amici Curiae for the Appellant..

---

Before **HARTZ**, **BALDOCK**, and **HOLMES**, Circuit Judges.

**BALDOCK**, Circuit Judge.

The Government charged Defendant Ishmael Petty with assaulting three employees at the federal correctional facility in Florence, Colorado, in violation of 18 U.S.C. § 111(a)(1) & (b). At Defendant's trial, the district court tendered the jury the following reasonable doubt instruction. This instruction tracks verbatim the Tenth Circuit's Pattern Jury Instruction on reasonable doubt.

> The government has the burden of proving the defendant guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.
>
> Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case.
>
> If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crimes charged, you must find him guilty. If, on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

ROA Vol. I, at 88; *see* 10th Cir. Crim. PJI No. 1.05 (2011 ed.). The district court overruled Defendant's objections to the instruction, and a jury found Defendant guilty. The court sentenced Defendant, who was already serving a life sentence for

2

the murder of a fellow inmate, to three additional, consecutive, 20-year terms of imprisonment.

On appeal, Defendant persists in complaining about the district court's reasonable doubt instruction. Generally, Defendant contends the court's instruction diluted the Government's burden of proof contrary to his Fifth Amendment right to due process and his Sixth Amendment right to a fair trial. Specifically, Defendant complains the instruction is flawed in three respects. *First*, Defendant asserts the phrase "firmly convinced" connotes a lesser standard of proof than proof beyond a reasonable doubt. *Second*, the instruction, according to Defendant, undermines the degree of proof required because it fails to communicate that the Government's burden is a heavy one, requiring a greater modicum of proof than a civil case. *Third*, Defendant says the instruction erroneously fails to inform the jury that reasonable doubt may arise not only from the evidence but also from the lack of evidence. Exercising jurisdiction under 28 U.S.C. § 1291, we reject Defendant's argument that the reasonable doubt instruction as tendered is unconstitutional, and affirm.

I.

Whether a reasonable doubt instruction comports with the Constitution is a legal inquiry subject to de novo review. *Tillman v. Cook*, 215 F.3d 1116, 1123 (10th Cir. 2000). Nonetheless, a district court still "retain[s] considerable latitude in instructing juries on reasonable doubt." *United States v. Conway*, 73 F.3d 975, 980 (10th Cir. 1995). Such latitude arises from the established precept that "the

3

Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course." *Victor v. Nebraska*, 511 U.S. 1, 5 (1994). "[S]o long as the court instructs the jury on the necessity that the defendant's guilt be proved beyond a reasonable doubt, the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof." *Id.*

Decisions adjudicating challenges to reasonable doubt instructions—the overwhelming majority of which are unfavorable to the defense—are legion. Undoubtedly, such challenges are a consequence of "the difficulties inherent in any attempt to define the [standard] in great detail or to characterize precisely what sort of doubt might be reasonable." *United States v. Pepe*, 501 F.2d 1142, 1143 (10th Cir. 1974); *see also Victor*, 511 U.S. at 5 (recognizing the reasonable doubt standard "defies easy explication").

> As an abstraction the concept of reasonable doubt is not susceptible to description by terms with sharply defined, concrete meanings. Resort must be to wording or language, the meaning of which will necessarily be colored by the experience of each individual. Thus, while the term itself is common and readily associated by most individuals with our criminal justice system, it is unlikely that two persons would supply the same characterization of its meaning. These difficulties have been acknowledged by the Supreme Court, and the Court has expressed its doubts about the benefit of attempting a definition more elaborate than the term "reasonable doubt" itself.

*Pepe*, 501 F.2d at 1143–44 (citing *Dunbar v. United States*, 156 U.S. 185, 199

(1894)).[1] Thus, at the end of the day, "the test we properly apply in evaluating the constitutionality of a reasonable doubt instruction is not whether we find it exemplary." *Victor*, 511 U.S. at 27 (Ginsburg, J., concurring). Perhaps no such instruction is. Rather, the proper inquiry requires us to consider the instructions in their entirety and ask whether a "reasonable likelihood" exists that the jury "understood the instructions to allow conviction based on proof insufficient to meet the [reasonable doubt] standard." *Id.* at 6 (majority opinion).

## II.

Defendant first takes issue with the instruction's statement that "[p]roof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt." Defendant claims the district court's formulation of the applicable standard understates the degree of certainty a jury must reach before returning a guilty verdict. Defendant says proof that leaves a juror "firmly convinced" of a defendant's guilt does not require proof of guilt beyond a reasonable doubt, but instead requires something akin to clear and convincing proof. Unfortunately for Defendant, Tenth Circuit precedent says otherwise.

In *Conway*, we held the district court did not err in equating proof beyond a

---

[1] In *Dunbar*, the Supreme Court observed: "Repeated attempts have been made by judges to make clear to the minds of the jury what is meant by the words 'reasonable doubt'; but . . . '[a]ttempts to explain the term "reasonable doubt" do not usually result in making it any clearer to the minds of the jury.'" *Dunbar*, 156 U.S. at 199 (quoting *Miles v. United States*, 103 U.S. 304, 312 (1880)).

5

reasonable doubt with proof that leaves one firmly convinced of a defendant's guilt.

In other words, the court's "firmly convinced" formulation of the reasonable doubt standard did not understate the degree of certainty a jury must reach to find a criminal defendant guilty. To be sure, the district court's instruction in the present case contains language not appearing in the instruction at issue in *Conway* (language we shall discuss subsequently). The wording of the instruction challenged here, however, encompasses entirely the wording of the instruction challenged in *Conway*. That instruction read:

> Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt, and find him not guilty.

*Conway*, 73 F.3d at 980.

Like the challenged instruction in *Conway*, the instruction here (1) informed the jury that it should not find Defendant guilty unless it was firmly convinced of his guilt and (2) cautioned the jury that it must acquit Defendant in the presence of "a real possibility that he is not guilty." As we held in *Conway*, "the 'firmly convinced' language, juxtaposed with the insistence that a jury must acquit in the presence of 'a real possibility' that the defendant is not guilty, is a correct and comprehensible

statement of the reasonable doubt standard." *Id.*; *see also United States v. Barrera-Gonzales*, 952 F.2d 1269, 1271 (10th Cir. 1992).[2]

This brings us to Defendant's second complaint about the district court's reasonable doubt instruction. Defendant emphasizes the word "only" in the sentence that reads: "It is *only* required that the government's proof exclude any 'reasonable doubt' concerning the defendant's guilt." (emphasis added). Notably, this sentence did not appear in the instruction at issue in *Conway*. According to Defendant, to cast the reasonable doubt standard in terms of something that is "only required" undermines the Government's burden by suggesting its burden is not heavy or difficult to meet. Defendant's argument is not without superficial force. But the wording Defendant emphasizes "cannot be sequestered from its surroundings." *Victor*, 511 U.S. at 16. We do not read selected portions of a jury instruction in isolation, removed from their context. *See Cupp v. Naughten*, 414 U.S. 141, 146–47 (1973) (accepting the "well-established proposition that a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge.").

---

[2] Worth noting here is that the Supreme Court opined in *Victor* that "[a]n instruction cast in terms of an abiding conviction as to guilt . . . correctly states the government's burden of proof." *Victor*, 511 U.S. 14–15. Two years prior, we opined in *Barrera-Gonzales* that "the term[] 'firmly convinced' requires more persuasion than terms such as 'reasonable certainty' or 'abiding conviction as to guilt.'" *Barrera-Gonzales*, 952 F.2d at 1273. In fact, we observed that "arguably a person who is 'firmly convinced' [of a defendant's guilt] has no reasonable doubt." *Id.* at 1271.

7

The sentence immediately preceding the statement about which Defendant complains explains that "in criminal cases the law does not require proof that overcomes every possible doubt." The statement to which Defendant objects next contrasts the reasonable doubt standard with the notion of absolute certainty. The word "only" points out that proof beyond a reasonable doubt is not proof that overcomes all doubt. *See United States v. Kieffer*, 681 F.3d 1143, 1152 (10th Cir. 2012). The following sentence, which also does not appear in the *Conway* instruction, then properly describes reasonable doubt as a "doubt based on reason and common sense after careful consideration of all the evidence in the case." *See id.* at 1159. In other words, the instruction first tells the jury what the reasonable doubt standard does not require, *i.e.*, "absolute certainty" of guilt, and second tells the jury what reasonable doubt is, *i.e.*, a doubt "based on reason and common sense." We discern no constitutional error in the instruction's approach.

Defendant's final challenge to the district court's reasonable doubt instruction is based on its failure to inform the jury that reasonable doubt may arise from a lack of evidence. But the realization that the Government will fail to meet its burden of proof if it fails to present the necessary evidence of guilt is quite apparent from the instruction considered as a whole, in particular the statements that (1) "[t]he government has the burden of proving the defendant guilty beyond a reasonable doubt," (2) "the government's proof [must] exclude any 'reasonable doubt' concerning the defendant's guilt, (3) "[t]he law does not require a defendant to prove

9

his innocence or produce any evidence at all," and (4) the jury must base its verdict on "consideration of the evidence." Any reasonable juror would understand from the instruction's wording that the Government must present evidence sufficient to establish Defendant's guilt beyond a reasonable doubt and that a failure to present evidence sufficient to meet its burden must result in Defendant's acquittal.

III.

The reasonable doubt instruction Defendant advocates—one that contrasts the Government's burden of proof in a criminal case with that in a civil case, informs the jury of the strict or heavy nature of the Government's burden in a criminal case, and tells the jury reasonable doubt may arise from the Government's failure to present sufficient evidence—may well pass constitutional muster. But such recognition does not inevitably lead to the conclusion that the reasonable doubt instruction the district court tendered to the jury in this case, *i.e.*, an instruction identical to the Tenth Circuit's Pattern Jury Instruction on reasonable doubt, denied Defendant due process or deprived him of a fair trial. For the reasons we have stated, we conclude the reasonable doubt instruction at issue, taken as a whole, adequately conveyed the concept of reasonable doubt to the jury. This is to say no reasonable likelihood exists that the jury selected to determine Defendant's guilt applied the instruction in a manner violative of the Constitution.

AFFIRMED.